**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 1 | Lien Avoidance |

**Last revised: September 1, 2018**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re: Michael Wade Sr

Debtor(s)

Case No.: 19-19594

Judge: Poslusny

## Chapter 13 Plan and Motions

☐ Original         ☒ Modified/Notice Required         Date: June 2, 2020

☒ Motions Included ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☒ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: ____JR____   Initial Debtor: ____MW____   Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ ___745.00___ per ___month___ to the Chapter 13 Trustee, starting on ___September 1, 2020___ for approximately ___57 more (of 72)___ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☒ NONE**

     a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

     b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

     a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 396.04+900pend ($3553.96 PTD) |
| DOMESTIC SUPPORT OBLIGATION | | |
| Specialized Loan Servicing | administrative - attorney's fees | $531.00 |

     b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

### a. Curing Default and Maintaining Payments on Principal Residence: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Specialized Loan Servicing | mortgage | $29,497.18 per POC | NA | $29,497.18 | per note |
| Specialized Loan Servicing | post-petition mortgage arrears resulting from motion for relief and forbearance | $5,000 | NA | $5,000 | any remaining balance from agreed order |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Credit Acceptance | 2009 Hyundai Santa Fe | $1,400.39 per POC | none | $1,400.39 | per note |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**  ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender**  ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☒ Not less than _____0_____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases  ☐ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| Atlas Acquisitions | $748.98 per POC | furniture lease | assume | per agreement |

**Part 7:    Motions  ☐ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service*, *Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).  ☐ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| Jefferson Capital LLC | real property | judgment | $10,020 | $180,000 | $10,000 | $262,073 | 100% |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒   Upon confirmation

☐   Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions

2) Joseph J. Rogers, Esquire _____

3) _____

4) _____

### d. Post-Petition Claims

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 5/10/2019_____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Debtor requested temporary suspension of trustee payments, incorporation of mortgage post-petition forbearance balance and extension of Plan under the CARES Act | Payment is increased to $745.00 per month for 57 more months of a 72-month plan beginning Sept 1, 2020. $5,000.00 of any mortgage forbearance and post-petition arrearage incorporated therein is included in the plan, with any balance to be paid outside the plan. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☒ Yes    ☐ No

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 6/7/20                                           /S/Michael Wade Sr
                                                       Debtor

Date: _____                                   _____
                                                       Joint Debtor

Date: 6/7/20                                           /S/ Joseph J. Rogers
                                                       Attorney for Debtor(s)

```
                         United States Bankruptcy Court
                              District of New Jersey
In re:                                                              Case No. 19-19594-JNP
Michael Wade, Sr.                                                   Chapter 13
        Debtor
                              CERTIFICATE OF NOTICE
District/off: 0312-1          User: admin              Page 1 of 2          Date Rcvd: Jun 08, 2020
                              Form ID: pdf901          Total Noticed: 29

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 10, 2020.
db          +Michael Wade, Sr.,    1735 Black Oak Road,    Williamstown, NJ 08094-2004
cr          +Specialized Loan Servicing LLC,    P.O. Box 340514,    Tampa, FL 33694-0514
518238894   +Apex Asset,    2501 Oregon Pike,    Lancaster, PA 17601-4890
518238895   +Apex Asset,    1891 Santa Barbara Dr St,    Lancaster, PA 17601-4106
518238896   +Bankamerica,    4909 Savarese Circle,    Tampa, FL 33634-2413
518238897   +Beverly Wade,    1735 Black Oak Road,    Williamstown, NJ 08094-2004
518238903   +Financial Recoveries,    200 E Park Dr Ste 100,    Mount Laurel, NJ 08054-1297
518238904   +Louis A. Greenfield,    PO Box 17210,    Golden, CO 80402-6020
518238906   +Mobiloansllc,    Po Box 1409,    Marksville, LA 71351-1409
518238907    Parker McCay PA,    PO Box 5054,    Mount Laurel, NJ 08054-5054
518238908   +Philadelphia Fed Cr Un,    12800 Townsend Rd,    Philadelphia, PA 19154-1095
518238912    South Jersey Radiology Associates,     PO Box 1710,    Voorhees, NJ 08043-7710
518238913   +Specialized Loan Servi,    8742 Lucent Blvd,    Highlands Ranch, CO 80129-2386
518238914   +Tempoe LLC,    1750 Elm St #1200,    Manchester, NH 03104-2919
518358247   +The Bank of New York Mellon Trustee (See 410),    c/o Specialized Loan Servicing LLC,
              8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg          E-mail/Text: usanj.njbankr@usdoj.gov Jun 09 2020 00:08:13      U.S. Attorney,    970 Broad St.,
              Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg         +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jun 09 2020 00:08:10       United States Trustee,
              Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
              Newark, NJ 07102-5235
518322507   +E-mail/Text: bnc@atlasacq.com Jun 09 2020 00:07:14      Atlas Acquisitions LLC,    294 Union St.,
              Hackensack, NJ 07601-4303
518238899    E-mail/Text: ebnnotifications@creditacceptance.com Jun 09 2020 00:07:07       Credit Acceptance,
              25505 W 12 Mile,    Southfield, MI 48034
518238898   +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Jun 09 2020 00:07:50       Comenity Bank,
              Po Box 182273,    Columbus, OH 43218-2273
518238900   +E-mail/Text: bankruptcy_notifications@ccsusa.com Jun 09 2020 00:08:58      Credit Coll,
              Po Box 607,    Norwood, MA 02062-0607
518238901   +E-mail/PDF: creditonebknotifications@resurgent.com Jun 09 2020 00:14:58       Credit One Bank Na,
              Po Box 98872,    Las Vegas, NV 89193-8872
518238902   +E-mail/Text: JCAP_BNC_Notices@jcap.com Jun 09 2020 00:08:28      Drive Time,
              c/o Jefferson Capital Systems, LLC,    PO Box 17210,    Golden, CO 80402-6020
518321082    E-mail/Text: JCAP_BNC_Notices@jcap.com Jun 09 2020 00:08:28      Jefferson Capital Systems LLC,
              Po Box 7999,    Saint Cloud Mn 56302-9617
518238905   +E-mail/Text: bankruptcydpt@mcmcg.com Jun 09 2020 00:08:09      Midland Funding,
              2365 Northside Dr Ste 30,    San Diego, CA 92108-2709
518318232   +E-mail/Text: bankruptcydpt@mcmcg.com Jun 09 2020 00:08:09      Midland Funding LLC,
              PO Box 2011,    Warren, MI 48090-2011
518351260    E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jun 09 2020 00:15:47
              Portfolio Recovery Associates, LLC,    c/o Jessica London,    POB 41067,    Norfolk VA 23541
518238909   +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jun 09 2020 00:15:46
              Portfolio Recov Assoc,    120 Corporate Blvd Ste 1,    Norfolk, VA 23502-4952
518238910   +E-mail/Text: ecfbankruptcy@progleasing.com Jun 09 2020 00:08:19       Progressive,
              11629 South 700 East, Suite 250,    Draper, UT 84020-8399
                                                                                              TOTAL: 14

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
518238911    ##+Security Credit Servic,    2653 W Oxford Loop,    Oxford, MS 38655-2929
                                                                                TOTALS: 0, * 0, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 10, 2020                              Signature:  /s/Joseph Speetjens

```
District/off: 0312-1          User: admin              Page 2 of 2              Date Rcvd: Jun 08, 2020
                              Form ID: pdf901          Total Noticed: 29
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 7, 2020 at the address(es) listed below:
              Denise E. Carlon    on behalf of Creditor    The Bank of New York Mellon FKA The Bank of New York,
               as Trustee for the certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2007-6
               dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com
              Gavin   Stewart    on behalf of Creditor    Specialized Loan Servicing LLC bk@stewartlegalgroup.com
              Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
               summarymail@standingtrustee.com
              Isabel C. Balboa     ecfmail@standingtrustee.com, summarymail@standingtrustee.com
              Joseph J. Rogers    on behalf of Debtor Michael  Wade, Sr. jjresq@comcast.net,
               jjrogers0507@gmail.com
              Rebecca Ann Solarz    on behalf of Creditor    The Bank of New York Mellon FKA The Bank of New York,
               as Trustee for the certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2007-6
               rsolarz@kmllawgroup.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 7
```