| |
|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY |
| **Caption in Compliance with D.N.J.LBR 9004-1** |
| **STEWART LEGAL GROUP, P.L**. <br> *Formed in the State of Florida* <br> Gavin N. Stewart, Esq. <br> *Of Counsel to Bonial & Associates, P.C.* <br> 401 East Jackson Street, Suite 2340 <br> Tampa, FL 33602 <br> Tel: 813-371-1231/Fax: 813-371-1232 <br> E-mail: gavin@stewartlegalgroup.com <br> *Attorney for Creditor* |
| In re: <br><br> Michael Wade, Sr. <br> *aka* Michael Wade, <br><br> Debtor. |

Order Filed on December 16, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Chapter: 13

Case No.: 19-19594-JNP

Hearing Date: December 8, 2020

Judge: Jerrold N. Poslusny Jr.

# CONSENT ORDER RESOLVING CERTIFICATION OF DEFAULT

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: December 16, 2020**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

Debtor:            Michael Wade, Sr.
Case No.:          19-19594-JNP
Caption of Order:  **CONSENT ORDER RESOLVING CERTIFICATION OF DEFAULT**

THIS MATTER having been opened to the Court upon the Certification of Default ("COD") filed by Specialized Loan Servicing LLC as servicing agent for The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2007-6 ("Creditor"), whereas the total post-petition arrearage was $14,711.01 as of December 14, 2020, and whereas the Debtor and Creditor seek to resolve the Motion, it is hereby stipulated and agreed to that:

1. The automatic stay provided under 11 U.S.C. §362(a) shall remain in effect as to Creditor's interest in the following property: **1735 Black Oak Road, Williamstown, New Jersey 08094** ("Property") provided that the Debtor complies with the following:

    a. On or before December 22, 2020, the Debtor shall make a lump sum payment in the amount of $2,075.00 directly to Creditor;

    b. On or before December 29, 2020, the Debtor shall file a modified plan providing for the curing and payment in full of the pre-petition arrearage, as well as the post-petition arrearage remaining after receipt of the lump sum, namely, $12,636.01, as well as all other amounts due on the underlying loan; and

    c. In addition to the above, the Debtor shall continue making the regular monthly payments as they become due beginning with the January 1, 2021 payment and continuing on thereafter per the terms of the underlying note and mortgage.

2. The Debtor will be in default under the Consent Order in the event that the Debtor fails to comply with the payment terms and conditions set forth in above Paragraph and/or if the Debtor fails to make any payment due to Creditor under the Chapter 13 Plan.

3. If the Debtor fails to cure the default within thirty (30) days from the date of default, Creditor may submit a proposed order lifting the automatic stay imposed under 11 U.S.C. § 362(a) and permitting Creditor to exercise any rights under the loan documents with respect to the Property.

4. This Order is without prejudice to the Debtor applying for a loan modification with Creditor, which may include the arrearage stated herein.

**STIPULATED AND AGREED**:

| | |
|---|---|
| */s/ Barbara J. Snavely* | */s/Gavin N. Stewart* |
| Barbara J. Snavely, Esq. | Gavin N. Stewart, Esq. |
| Washington Professional Campus | Stewart Legal Group, P.L. |
| 900 Route 168, Suite I-4 | 401 East Jackson Street, Suite 2340 |
| Turnersville, NJ 08012 | Tampa, FL 33602 |
| *Counsel for Debtor* | *Counsel for Creditor* |

Dated this 15th day of December 2020.